# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**TARIQ BELT,**

    Petitioner,

v.                                                                Civil Action No. 5:14cv156
                                                                     (Judge Stamp)

**WARDEN, U.S.P. HAZELTON,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Factual and Procedural History

On December 2, 2014, the *pro se* petitioner, an inmate now incarcerated at FCI Morgantown, in Morgantown, West Virginia, initiated this case by filing a 13-page, hand-written letter titled Notice, directed to the United States Office of the Chief Magistrate Judge for the Northern District of West Virginia in Clarksburg, West Virginia. Because the letter appeared to set forth claims regarding disciplinary matters and conditions of confinement, it was unclear whether petitioner was attempting to file a <u>Bivens</u> action or a habeas corpus action pursuant to 28 U.S.C. §2241. Accordingly, it was preliminarily docketed as a §2241, and the following day, Clerk of Court was instructed to send petitioner two Notices of Deficiency, along with *pro se* packets containing the forms and directions for filing either (or both) a <u>Bivens</u> action and a §2241, along with a letter from the *pro se* law clerk[1] explaining petitioner's options. The Notices were sent via certified mail, return receipt requested. A review of the docket reveals that their delivery was accepted on December 4, 2014. (Dkt.# 5).

On December 9, 2014, petitioner wrote a rambling, 6-page letter, again addressed to the United States Office of the Chief U.S. Magistrate Judge for the Northern District of West

---

[1] Dkt.# 3-1 and 4-1.

Virginia, now at the Wheeling point of holding court, titled As to Previous Notice & Probable Cause Application and RE: Followup [sic], Return of Error & Clarification Notice. In the letter, he referenced the *pro se* law clerk's letter and the deficiency notices, reiterated his claims and complained that his case had been "funneled down rather than it being provided to the Chief U.S. Magistrate or Superior Office of the Chief U.S. District Judge."[2]

On December 16, 2014, without seeking leave of court, petitioner filed a 6-page, handwritten Amendment and Supplemental Original Notice Seeking a Misdemeanor Probable Cause Finding, a Statement of Charges, Other Related Orders to Protect Against Invasion of Rights & Asking Rescinding of Clerk Acts & Orders, again reiterating his claims, elaborating on them, and complaining about their being characterized as either <u>Bivens</u> or §2241 claims. Petitioner noted that "emergency consideration and expediting sought & warranted via U.S.P.S. paid 12/14/14."[3] Petitioner also filed a Notice of Change of Address. (Dkt.# 8).

On December 31, 2014, having still not received anything from petitioner on either court-approved form provided, nor any filing fee or *in forma pauperis* documents, a Show Cause Order was entered, giving petitioner until January 14, 2015 to show cause why his case should not be dismissed. (Dkt.# 10). A copy of the Show Cause Order was sent to petitioner via certified mail, return receipt requested. The docket indicates that the return receipt indicates that delivery of the Order was effectuated on January 5, 2015. (Dkt# 11). Upon later discovery by the Clerk that petitioner's address had not been updated on December 16, 2014 to reflect his new address, the Show Cause was re-sent to petitioner at his new address. The return receipt reflects that it was received there on January 12, 2015. (Dkt.# 12). On February 3, 2015, having received no

---

[2] Dkt.# 6 at 3.

[3] Dkt.# 9 at 1.

response to the Show Cause Order, an Order of Dismissal for failure to prosecute was entered. (Dkt.# 13).

On February 9, 2015, petitioner filed an incoherent 8-hand-written-page non-responsive rambling response (Dkt.# 15), titled Notice of Inquiry Seeking Mode & Means of Informal and Administrative Resolution/Remedy and Response to Show Cause to the December 31, 2014 Show Cause Order, in which he reiterated his claims and appeared to challenge the Clerk's authority to direct him to file his claims on a court-approved form. Upon careful review, the response appears to have been timely mailed (Dkt.# 15 at 1) under the prison mailbox rule on "1/9/14 [sic]" and is postmarked January 13, 2015. (Dkt.# 15-2). The response to the Show Cause Order was due January 14, 2015. (Dkt.# 10 at 2). Inexplicably, twenty-seven days after it was deposited in the prison mail system, it finally arrived at the Court for filing; the reason for the unusual delay is unknown. Because petitioner's response was deemed timely mailed, on February 11, 2015, an Order Vacating Prior Order of Court was entered, the dismissal order was vacated, and the Clerk of Court was directed to reopen the case. (Dkt.# 16).

This case is before the undersigned for a preliminary review and Report and Recommendation.

## II. Convictions and Sentences

On January 13, 2004, in the District of Maryland, pursuant to a superseding indictment,[4] petitioner was charged with Count 1, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and Cocaine, in violation of 21 U.S.C. §846, and Count 4, Possession of Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §924(c) and Aiding & Abetting. On an unknown date, not readily apparent from a review of petitioner's criminal docket, petitioner entered a plea to Count 1, Conspiracy to Distribute and Possess with

---

[4] Petitioner's criminal case number in the sentencing court is 1:03-cr-00376-WDQ-1.

3

Intent to Distribute Cocaine Base and Cocaine. On December 8, 2005, he was sentenced to 212 months imprisonment to be followed by 5 years of supervised release. Petitioner did not file an appeal, but he did file three Motions to Vacate Pursuant to 28 U.S.C. §2255; all were denied. Petitioner has also filed a number of other post-conviction challenges to his sentence, most recently, a Motion to Reduce sentence, filed on November 24, 2014.

On November 16, 2005, also in the District of Maryland, while awaiting sentencing on his conviction in Case No. 1:03-cr-00376-WDQ-1, petitioner was indicted[5] on new charges: Count 1, Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §841, and Count 2, Attempted Distribution of Cocaine Base, in violation of 21 U.S.C. §846. On February 13, 2006, the first day of trial, after the jury was impaneled but not yet sworn, and *voire dire* had begun, petitioner pled guilty to Count 1. On February 27, 2006, petitioner was sentenced to one year of imprisonment, to be served consecutively to the 212-month sentence he received in Case No. 1:03-cr-00376-WDQ-1, and one year of supervised release, to be served concurrent with the supervised release in Case No. 1:03-cr-00376-WDQ-1. The judgment of the District of Maryland was affirmed on appeal by the Fourth Circuit Court of Appeals. Petitioner has filed one Motion to Vacate Pursuant to 28 U.S.C. §2255 in this criminal case; it was dismissed. On November 7, 2014, petitioner filed a Motion to Reduce Sentence in this case; that motion is still pending.

The BOP's online Inmate Locator indicates that petitioner is 39 years old and has a projected release date of March 9, 2022.

### III. Analysis

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although the pleading requirements

---

[5] Petitioner's case number for this conviction is 1:05-cr-00549-WDQ-1.

4

are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.'" 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." Minone v. McGrath, 435 F. Supp. 2d 266 (S.D.N.Y. 2006).

The petitioner's petition is unintelligible. It appears that he contends that he has been wrongfully disciplined and placed in disciplinary segregation, but did not timely receive an incident report on the charges; thus, he has been placed "under arrest" without a warrant. He avers that

> I ask preliminarily for expediting and emergency proceedings here on by not later than "Black Friday" Nov. 29, 2014[6] with personal appearance before this office to examine myself & the accused & inquire into these matters.
>
> I would asked the accused ordered to come forth & produce my person also along with US Marshall indorsed warrant of commitments if any are held in due course or otherwise. Had to found record authority to enforce anything against me or to prospectively continue adverse decisions against my interests & liberty rights as my personalty.
> . . .
>
> The regulations, policy & laws on inmate discipline require any incident to be served in not more than 24 hours after the incident occurs or the report is written. Those same laws make non-compliance FATAL under the policy and procedures in compliance with the privacy acts provisions that an adverse decision against me SHALL be based ONLY on timely, accurate, complete, relevant records & Information where I have notice & chance to contribute my views to the extent necessary for "fairness in decision making process."
> . . .
>
> I wrote to the warden & captain about their behavior immediately & asked for the warrant for arrest implied by them. I have not seen it to date & I also have not been permitted to inspect those SIS officers authority to act as law enforcement under the authority of West Va USAO I in fact on information & belief think they were impersonating other officials without permission.

---

[6] Petitioner's petition is dated November 25, 2014; it arrived and was filed on December 2, 2014.

In September & earlier I had asked about inspecting the US Marshal endorsed warrant of commitments/order of commitment as counseled by the Habeas Corpus Acts & the acts codified at 18 USC 3621(c), 28 USC 566(a) & (e) [sic], & 18 USC 4001(a)(b) and have come to believe no such authority nor return [sic] exists so I took this current opportunity of attempts to abuse me to re-demand production & my inspection thereof seeking cancellation of that incomplete records & cessation of all decisions which presuppose the existence of complete nature at once.

Its been over 30 days since the initial demands & over 10 since the re-demand & I believe, & history has shown that they'll stay silent & neither produce, nor explain, nor cease adverse decisions against me, my person, liberty & property rights.

I accuse their claims of authority to be mere pretense alone not records.

Dkt.# 1 at 1 – 9.[7]

Petitioner argues that "[a]ll this is done as a misdemeanor against me & as an affront to the peace, dignity, government, acts of assembly, expressed & implied, & standing orders of offices of Chief Administrative Judges of the State & North District of West Virginia, Preston County, & in violation of my private rights & liberty interests." (Dkt.# 1 at 11).

For relief, petitioner states:

Incidentally the law holds that a debt is accrued & incurred in my favor upon a finding that the accused knowingly & willfully failed to have & maintain accurate records, did not do as records laws required in the time & order required, & that they or as a result ANY made more [sic] or further adverse decisions. Find due process rights violated over & over.

I ask you to command that the accused answer as to whether I tell the truth & be compelled to bring forth every source of authority instrument of writing had & maintained as proof thereof for exhibition to me & inspection to see by what authority all this is done.

I ask *de novo* consideration & inspection of all such instruments if any are provided & that they be found deficient, incomplete, insufficient & declare such records void & henceforth voided with any attached connotation of presumed legal effects on me, my person, or my rights a nullity absolutely.

---

[7] The undersigned recognizes that the excerpt from the petition is riddled with errors, both typographic and grammatical, but has reproduced the text here as it was written without modification.

> Find & proclaim that adverse decisions were continued, solicited, or made knowingly & willfully in violation of the Privacy Act & its provisions which attach liability to violations thereof. <u>Declare debt owed</u>!
>
> State & find all misdemeanors committed & by whom committed against me in my favor & grant all else, favorable to me under the totality of the circumstances, which seems useful & warranted.
>
> I did a notice process but have no copy ability. I have only this pencil. My intent is delivery of copy. Please copy original & return when received. Immediate harm & injury threatened absent hearing, etc. ss: T. Belt.

Dkt.# 1 at 11 – 12.

In summary, Petitioner rambles incoherently and does not assert factual allegations that give rise to a valid basis for relief.[8] His subsequent filings[9] are similarly cryptic. Accordingly, the Court lacks authority to grant said relief.

Further, even if his pleadings were not unintelligible, and even though petitioner timely filed his response to the Show Cause Order, his case is still due to be dismissed, because, despite multiple warnings from the Court, he has yet to file his claims on either/both court-approved form(s) provided, has still failed to any filing fee or *in forma pauperis* documents, and has still not offered any cognizable reason for failing to do so.

---

[8] Apparently, petitioner has an extensive litigation history, summarized on PACER; has accumulated more than three strikes under the Three Strike Rule; and has a history of filing unintelligible pleadings, as he has done here. See Memorandum Opinion and Order, entered on August 26, 2014 in Case No. 1:14-mc-01463 in the District of Columbia, denying petitioner's application to proceed as a pauper there and dismissing the complaint, stating, in pertinent part:

> The plaintiff has accumulated at least three strikes. See <u>Belt v. U.S. Bureau of Prisons</u>, No. 4:CV-10-2642, 2011 WL 98551, at *1 (M.D. Pa. Jan. 12, 2011)(dismissing civil rights complaint with prejudice as frivolous under §1915(e)(2)(B)(i)); <u>United States v. Belt</u>, No. 10-2921, 2011 WL 3236065, at *5 (D. Md. July 26, 2011)(revoking *in forma pauperis* status under 28 U.S.C. §1915(g) and barring plaintiff from filing further civil suits *in forma pauperis*); <u>Belt v. United States</u>, No. 07-2715 (D. Md. Oct. 16, 2007)(dismissing *sua sponte* under 28 U.S.C. §1915(e)(2)(B) a civil complaint deemed "practically indecipherable and [which] fail[ed] to state a cognizable claim"); <u>Belt v. Cannon</u>, No. 08-2101 (D. Md. Aug. 22, 2008)(dismissing *sua sponte* a "prolix, practically incomprehensible petition" for failure to state a claim upon which relief can be granted).

(D.D.C. Dkt.# 1) (1:14-mc-01463).

[9] Dkt.# 6 and 9.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petition (Dkt.# 1) be **DENIED and DISMISSED with prejudice** from the docket.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by March 3, 2015**, any party may file with the Clerk of Court, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to file timely objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 17, 2015

       /s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE