IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TARIQ BELT,

    Petitioner,

v.                                    Civil Action No. 5:14CV156
                                                (STAMP)

WARDEN, U.S.P. HAZELTON,

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AND
OVERRULING PETITIONER'S OBJECTIONS**

I.  Procedural History

The petitioner filed a thirteen-page handwritten letter titled "Notice" which was preliminary docketed as a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This petition was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The petitioner was sent notices of deficiency along with packets for both a Bivens[2] claim and a § 2241 claim (as it was unclear from the "notice" whether it truly was a § 2241 action), and a letter explaining the options. The petitioner did not file

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2] Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

anything on those forms but rather filed another letter reiterating his claims and complaining that his claim had been sent to a pro se law clerk ("PSLC") instead of a judge. The petitioner then filed an amendment without leave of court, criticizing the characterization of his claims as either Bivens or § 2241 claims and requesting emergency consideration of his claims. A show cause order was then entered as the petitioner had not filed on approved forms nor provided a filing fee or in forma pauperis ("IFP")[3] documents.

After no response, an order of dismissal was entered. However, it was later found that the petitioner's address had not been updated. The case was reopened and the show cause order was forwarded to the petitioner's new address. The petitioner then filed an eight-page response in which he reiterated his claims but still failed to file his petition with the proper forms or pay a filing fee. The magistrate judge then entered a report and recommendation recommending that the petition be dismissed. The petitioner timely filed objections.

## II. Facts

After entering a guilty plea, the petitioner was convicted in the United States District Court for the District of Maryland of conspiracy to distribute and possess with intent to distribute

---

[3]In forma pauperis refers to the filing status as a "pauper," or "indigent who is permitted to disregard filing fees and court costs." Black's Law Dictionary 899 (10th ed. 2014).

2

cocaine base and cocaine in violation of 21 U.S.C. § 846. He was sentenced to 212 months of imprisonment to be followed by five years of supervised release. The petitioner did not file an appeal but did file three 28 U.S.C. § 2255 petitions, all of which were denied. The petitioner has also filed other post-conviction challenges to his sentence. While awaiting sentencing on the above conviction, the petitioner was indicted on additional charges. He pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, and was sentenced to one year of imprisonment to be served consecutively to the 212 months, and one year of supervised release to be served concurrently with the five years of supervised release. The petitioner appealed and that judgment was affirmed by the United States Court of Appeals for the Fourth Circuit. The petitioner filed a petition pursuant to 28 U.S.C. § 2255 and motion to reduce sentence in that case, the § 2255 was denied and the motion to reduce sentence is still pending.

In his petition, the petitioner argues that violations of the Privacy Act have occurred at United States Penitentiary ("USP") Hazelton. The petitioner asserts that he was placed in the Secured Housing Unit ("SHU") without being provided the proper records under the Privacy Act. The petitioner requests emergency relief so that he will be sent back to the general population, among other things. He appears to also argue that his due process rights have

been infringed upon because of the procedure used by USP Hazelton and its employees.

The magistrate judge found that the petition should be denied as all of the petitioner's filings are unintelligible and incoherent and thus the Court lacks authority to grant any relief. In the alternative, the magistrate judge found that the case should still be dismissed as the petitioner has failed to (1) file his claims on court-approved forms, (2) file any IFP documents or filing fees, or (3) offer any reason for not doing so.

In his objections, the petitioner asserts that his claim is one for a violation of the Privacy Act. The petitioner seems to argue that at some point during the investigation of his Maryland conviction, although it is not clear which one, the government forged or provided incomplete records which he is now challenging. The petitioner also asserts that his previous filings may contain some misspellings because they were filed under duress and thus his case should not be dismissed for those mistakes. Also, the petitioner contends that because this Court knows the law it should know that as a "natural individual" the petitioner is entitled to free access to judicial tribunals and public offices.

Additionally, the petitioner asserts that this Court may not rely on any of the records from the government because they are incorrect and thus this Court must proceed as if those records are inaccurate. The petitioner also seems to make an ineffective

4

assistance of counsel claim because he believes his counsel should have made an argument as to venue. Finally, the petitioner reiterates that his due process rights have been infringed by the procedures implemented at USP Hazelton.

For the reasons that follow, this Court finds that the petition should be dismissed.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### IV. Discussion

A. Petitioner's Filings

This Court first finds that the petitioner's filings are somewhat incoherent and that it is difficult to decipher what the petitioner's exact arguments are at this time. Although this Court must construe pro se petitions liberally, this Court is not required to make the petitioner's arguments for him and the petitioner must provide at least some recognizable legal theories. Haines v. Kerner, 404 U.S. 519, 520 (1972); Minone v. McGrath, 435 F. Supp. 2d 266 (S.D.N.Y. 2006). As the magistrate judge noted, a review of the petitioner's filings reveals unintelligible claims and cryptic assertions that the petitioner is entitled to relief.

5

As reviewed above, this Court is only able to decipher a few of the petitioner's claims, which this Court is still unsure is exactly what the petitioner is meaning to assert. Thus, this Court agrees that based on the filings, the Court lacks authority to grant the relief requested by the petitioner.

This Court also finds, in the alternative, that the petitioner has failed to follow this Court's procedural requirements even though he was provided instructions, court-approved forms, and IFP documents. The petitioner's only offerings in his objections is that this Court should know the law and that the petitioner's filings may contain some misspellings. However, the petitioner has been provided guidance on how to file his claim in order to avoid dismissal and has failed to take advantage of such guidance to his own peril.

B.  Petitioner's Privacy Act and Possible Ineffective Assistance of Counsel

Finally, this Court will review what claims it believes have been forwarded by the petitioner. Although again, this Court believes that the filings themselves do not afford this Court sufficient means by which to actually consider the petitioner's claims fully.

1.  Claims Regarding Conduct Before Petitioner Was Convicted

The petitioner's claims regarding the Privacy Act and ineffective assistance of counsel appear to seek relief more akin to a § 2255 rather than a § 2241. As the petitioner has already

6

filed numerous § 2255 petitions, he must now show that he is entitled to relief under § 2241.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d 328.

In this case, the petitioner has failed to establish the elements required by Jones. The criminal statutes under which the petitioner was convicted are still valid criminal offenses and thus the "conduct of which the [petitioner] was convicted" is still

7

deemed to be criminal.  Id.  Accordingly, the petitioner's claims, even if this Court were to consider their merit, would be found to be lacking.

### 2. Claims Regarding Conduct Post-Conviction

Insofar as the petitioner has asserted claims that USP Hazelton employees' handling of records regarding his placement in the SHU violated his rights under the Privacy Act, those claims are also without merit.  Section 552a(j) of the Privacy Act authorizes the heads of law enforcement agencies to exempt certain types of records from specified provisions of the Act.  The Department of Justice has properly exempted BOP's Inmate Central Record System from the Privacy Act's amendment requirements.  See 28 C.F.R. § 16.97 and White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C.Cir. 1998) (per curiam) and Brown v. Bureau of Prisons, 498 F. Supp. 2d 298 (D.D.C. 2007) ("Because BOP regulations exempt the Inmate Central Records System from subsection (d) of the Privacy Act, Plaintiff cannot obtain the relief he seeks, that is, amendment of the PSR itself.").  Thus, as far as this Court understands what the petitioner is asserting, the petitioner's claims would be exempt and thus are without merit.

### V. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety and the petitioner's

objections are hereby OVERRULED.  Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   June 15, 2015


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE