IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


TARIQ BELT,

          Petitioner,

v.                                    Civil Action No. 5:14CV156
                                                      (STAMP)
WARDEN, U.S.P. HAZELTON,

          Respondent.


**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION TO ALTER JUDGMENT
AND SUPPLEMENTAL MOTION TO ALTER JUDGMENT**

I.  Background

     The petitioner filed a thirteen-page handwritten letter titled "Notice" which was preliminary docketed as a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This petition was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

     The petitioner was sent notices of deficiency along with packets for both a Bivens[2] claim and a § 2241 claim (as it was unclear from the "notice" whether it truly was a § 2241 action), and a letter explaining the options.  The petitioner did not file anything on those forms but rather filed another letter reiterating

_____

     [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

     [2]Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

his claims and complaining that his claim had been sent to a pro se law clerk ("PSLC") instead of a judge. The petitioner then filed an amendment without leave of court, criticizing the characterization of his claims as either Bivens or § 2241 claims and requesting emergency consideration of his claims. A show cause order was then entered as the petitioner had not filed on approved forms nor provided a filing fee or in forma pauperis ("IFP")[3] documents.

After no response, an order of dismissal was entered. However, it was later found that the petitioner's address had not been updated. The case was reopened and the show cause order was forwarded to the petitioner's new address. The petitioner then filed an eight-page response in which he reiterated his claims but still failed to file his petition with the proper forms or pay a filing fee. The magistrate judge then entered a report and recommendation recommending that the petition be dismissed. The petitioner timely filed objections.

This Court affirmed and adopted the magistrate judge's report and recommendation finding that the petitioner's filings were incoherent and the petitioner had failed to follow the procedural requirements of this Court. Further, this Court reviewed, in the alternative, what it could decipher from the petitioner's filings

---

[3]In forma pauperis refers to the filing status as a "pauper," or "indigent who is permitted to disregard filing fees and court costs." Black's Law Dictionary 899 (10th ed. 2014).

and found that his claims were without merit as his claims were either barred under the United States Court of Appeals holding in <u>Jones</u> regarding successive § 2255 petitions or exempted from consideration under the Privacy Act.

The petitioner has now filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) and a supplemental motion to alter judgment. The petitioner argues in his initial motion that he has not filed a § 2241 petition and that he attempted to clarify that earlier in this action. The petitioner asserts that he has filed a notice for review of Privacy Act claims and that this Court should strike any reference to a § 2241 petition or the petitioner's underlying criminal record. Additionally, the petitioner argues that the exemption to the Privacy Act cited by this Court in its opinion is inapplicable as the "heads of law enforcement agencies" have not complied with the Privacy Act so as to benefit from such an exemption. The petitioner provided, as exhibits to his motion, further arguments that reflects the arguments made in his objections, documents the petitioner received from the Clerk of Court, and orders entered by the magistrate judge and this Court.

In his supplemental motion to alter judgment, the petitioner argues that his initial motion should have been decided within ten to thirty days and that it has now been more than thirty days. The petitioner otherwise summarizes his previous arguments.

## II.    Discussion

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. <u>Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." <u>Id.</u>  A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. <u>Id.</u>  It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

This Court had read the petition as asserting a claim that United States Penitentiary Hazelton ("USP Hazelton") employees' handling of records regarding his placement in the SHU violated his rights under the Privacy Act.  Thus, pursuant to 5 U.S.C. § 552a(j), an exemption provision of the Privacy Act, this Court found that the petitioner's claim was without merit.

That section authorizes the heads of law enforcement agencies to exempt certain types of records from specified provisions of the Act. The Department of Justice has exempted BOP's Inmate Central Record System from the Privacy Act's amendment requirements. See 28 C.F.R. § 16.97 and White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) and Brown v. Bureau of Prisons, 498 F. Supp. 2d 298 (D.D.C. 2007) ("Because BOP regulations exempt the Inmate Central Records System from subsection (d) of the Privacy Act, Plaintiff cannot obtain the relief he seeks, that is, amendment of the PSR itself."). Further, "to implement its election to exempt . . . record systems, the agency must promulgate rules to do so and give reasons why the systems are to be exempted." Aquino v. Stone, 957 F.2d 139, 142 (4th Cir. 1992).

The petitioner thus appears to argue that the Department of Justice in conjunction with the BOP has not implemented such a system or promulgated rules to do so. However, the petitioner has not provided any evidence or support for such assertions. To the contrary, the petitioner is complaining about a system and rules that are in place likely to fulfill the requirements of this exemption to the Privacy Act. Thus, again, as far as this Court understands what the petitioner is asserting, the petitioner's claims would be exempt and thus are without merit. As such, the petitioner's motions are denied.

### III.  Conclusion

For the reasons cited above, this Court finds that the petitioner's motion to alter judgment and supplemental motion to alter judgment are DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.

DATED:     August 13, 2015


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE