IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TARIQ BELT,

    Plaintiff,

v.                                  Civil Action No. 5:14CV156
                                                    (STAMP)

WARDEN, U.S.P. HAZELTON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S REQUEST FOR CORRECTION OF ERRORS
AND REQUEST TO REOPEN PROCEEDINGS**

After this Court dismissed the pro se[1] plaintiff's action and denied the plaintiff's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), he filed a document entitled "Notice of Clerical Error/Clear Error and Request to Reopen for Records Inaccuracy/Incompleteness and Errors FRCP 77(c)(2); 28 USC 2072(b); & Privacy Act/Records Accuracy Laws." ECF No. 33. This Court construes the filing as a motion for relief from the judgment under Rule 60. For the following reasons, the motion is denied.

I.  Background

Originally, the plaintiff, Tariq Belt ("Belt"), filed a thirteen-page handwritten letter entitled "Notice." The Clerk of Court docketed the filing as a petition for the writ of habeas corpus under 28 U.S.C. § 2241. Belt has since argued that the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Clerk misconstrued his "Notice" as a petition for habeas corpus, when it was actually a complaint against United States Penitentiary Hazelton for violations of the Privacy Act, 5 U.S.C. § 552a.

The case was referred to United States Magistrate Judge James E. Seibert for initial review. Magistrate Judge Seibert recommended dismissing the action for failure to state a claim. This Court adopted and affirmed Magistrate Judge Seibert's report and recommendation, and dismissed this Case. Specifically, this Court concluded that Belt failed to state claims for habeas relief or for violations of the privacy act, as the Department of Justice has, under § 552a(j), exempted the Bureau of Prisons' Inmate Central Record System from the Privacy Act's requirements. Belt then filed a motion to alter or amend the judgment under Rule 59(e). This Court denied that motion, reiterating that the relevant records are exempt from the Privacy Act, and that Belt's Privacy Act claims are therefore without merit.

Nevertheless, Belt filed a document entitled "Notice of Clerical Error/Clear Error and Request to Reopen for Records Inaccuracy/Incompleteness and Errors FRCP 77(c)(2); 28 USC 2072(b); & Privacy Act/Records Accuracy Laws." ECF No. 33. He continues to argue that this Court erred in dismissing his claim. Further, he requests a writ of mandamus requiring the Clerk to correct errors in the docket and argues that this Court must grant him relief

pursuant to 28 U.S.C. § 2072(b) and Federal Rule of Civil Procedure 77(c)(2)(D).

## II. Applicable Law

Federal Rule of Civil Procedure 60(a) permits this Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## III. Discussion

First, Belt is not entitled to the correction of any clerical errors in the judgment, this Court's orders, or the record under Rule 60(a). Regardless of whether the Clerk's characterization of Belt's "Notice" was erroneous, the judgment and this Court's orders adequately considered all grounds for potential relief. Further, this Court expressly rejected Belt's Privacy Act claims in its opinion adopting and affirming the report and recommendation and it

3

its opinion denying Belt's motion to alter or amend the judgment. There simply are no clerical errors that require correction under Rule 60(a).

Second, Belt is not entitled to relief from the judgement under Rule 60(b). The only relevant ground here is that relief is available for "any other reason that justifies relief." Id. Assuming that the Clerk erred in characterizing Belt's "Notice," that error does not justify relief. As discussed above, this Court's opinions and the judgment correctly dismissed Belt's petition based on each potential ground for relief, including his Privacy Act claims. Therefore, any clerical errors did not prejudice Belt.

Third, Belt is not entitled to a writ of mandamus requiring the Clerk to correct any errors in the docket. To obtain a writ of mandamus, the petitioner must show: (1) that he has "a clear right to the relief sought;" (2) that "the respondent has a clear duty to do the particular act requested by the petitioner;" and (3) that "no other adequate remedy is available." Estate of Michael ex rel. Michael v. Lullo, 173 F.3d 503, 512-13 (4th Cir. 1999). Here, Belt failed to show any of these elements. He has not demonstrated a clear right to have the Clerk correctly characterize his handwritten "Notice." He has not demonstrated that the Clerk has a clear duty to do so. Nor has he shown that he lacks any other

remedy, especially where this Court considered and dismissed his Privacy Act claims and direct appeal is available.

Fourth, Belt's other cited grounds for relief are without merit. He cites 28 U.S.C. § 2072(b), which provides only that rule promulgated by the Supreme Court cannot affect parties' substantive rights. Belt also cites Federal Rule of Civil Procedure 77(c)(2)(D), which provides that the clerk of court may act on matters that do not require the Court's attention. Neither of these provisions have any bearing on the relief Belt seeks.

## IV. Conclusion

For the reasons set forth above, Belt is not entitled to relief from the judgment under Rule 60. Therefore, his motion (ECF No. 33) is DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: November 13, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE